**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4930**

─────────────

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

   v.

RONALD DAVID BUTLER,

          Defendant – Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:08-cr-00553-TLW-1)

─────────────

Submitted:  May 20, 2010          Decided:  May 24, 2010

─────────────

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Rose Mary Sheppard Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald David Butler pled guilty to conspiracy to possess with intent to distribute and to distribute five hundred grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2006). The district court sentenced Butler to 192 months' imprisonment. Butler's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his view, there are no meritorious issues for appeal. Counsel, however, asks this court to review the validity of Butler's guilty plea and the reasonableness of his sentence. Butler has not filed a pro se supplemental brief despite receiving notice that he may do so, and the Government declined to file a responsive brief. Finding no error, we affirm.

In the absence of a motion to withdraw a guilty plea, we review the adequacy of a guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A review of Butler's Rule 11 hearing reveals that the district court complied with Rule 11's requirements. Butler's plea was knowingly, voluntarily, and intelligently entered, with full knowledge of the consequences attendant to his guilty plea. We therefore find that no plain error occurred and affirm Butler's conviction.

2

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 50-51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In addition, this court presumes a sentence within a properly determined advisory Guidelines range is substantively reasonable. See Rita v. United States, 551 U.S. 338, 341 (2007); United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We conclude that Butler's sentence is both procedurally and substantively reasonable. The district court properly calculated Butler's Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) (2006) factors. See United States v. Pauley 511 F.3d 468, 473 (4th Cir. 2007). Moreover, the district court based its sentence on its "individualized assessment" of the facts of the case. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Furthermore, Butler has not rebutted the presumption that his within-guidelines sentence is presumptively reasonable. Thus, the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Butler, in writing, of the right to

petition the Supreme Court of the United States for further review.  If Butler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Butler.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>